

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-25-00075-CR

---

AMANDA GAIL GILBERT, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 30655

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

A Lamar County jury found Amanda Gail Gilbert guilty of possessing one gram or more but less than four grams of methamphetamine, a third-degree felony, and assessed a sentence of ten years' imprisonment. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (Supp.). The trial court learned that Gilbert had tried to tamper with the jury in a failed effort to secure an acquittal. On appeal, Gilbert argues that "[p]resumptively [p]rejudicial [c]ontact with a [m]ember of the [j]ur[y]" entitles her to a new trial. The State argues that Gilbert failed to preserve this issue for our review, and we agree. As a result, we affirm the trial court's judgment.

## I.      Gilbert Failed to Preserve Her Sole Issue for Our Review

Before trial and outside of the jury's presence, the trial court informed the parties that it had learned of "an attempt to contact jurors" and that "th[e] jury ha[d] been instructed to let the Court know in the event anyone ha[d] attempted to talk to them about this case." Even so, no member of the jury indicated that he/she had been contacted by anyone about the case. As a result, Gilbert admits that "there is no direct evidence in the record that a juror in [Gilbert]'s trial was actually contacted by someone on [Gilbert]'s behalf." Even though Gilbert did not object during trial and did not file a motion for new trial, she now seeks one just in case there was contact with a juror.

Gilbert's complaint invokes Article 36.22 of the Texas Code of Criminal Procedure, which "provides that no person shall be permitted to converse with a juror about the case except in the presence and by the permission of the court." *Jenkins v. State*, 493 S.W.3d 583, 612 (Tex.

2

Crim. App. 2016); *see* TEX. CODE CRIM. PROC. ANN. art. 36.22. "Once proven, a violation of Article 36.22 triggers a rebuttable presumption of injury to the accused . . . ." *Jenkins*, 492 S.W.3d at 612. Here, no Article 36.22 violation was proven. Further, "[t]o preserve error for appellate review, a defendant must make a timely request, objection, or motion stating the grounds upon which [s]he is entitled to a favorable ruling." *Laws v. State*, 640 S.W.3d 227, 229 (Tex. Crim. App. 2022) (citing TEX. R. APP. P. 33.1(a)(1)). This error preservation rule applies to claims of an Article 36.22 violation. *Id.*; *see Taylor v. State*, No. 06-22-00071-CR, 2023 WL 2472641, at *5 (Tex. App.—Texarkana Mar. 13, 2023, pet. ref'd) (mem. op., not designated for publication); *see also LeBlanc v. State*, No. 06-00-00113-CR, 2002 WL 181240, at *2 (Tex. App.—Texarkana Feb. 6, 2002, no pet.) (not designated for publication) (noting that allegation of jury tampering was "predicated on evidence extrinsic to the record of the [trial] proceedings" and, as a result, were "not fully cognizable on . . . direct appeal").

We find that Gilbert failed to raise her sole appellate issue with the trial court. Accordingly, it is unpreserved, and we overrule it.

## II.     Conclusion

We affirm the trial court's judgment.

Scott E. Stevens
Chief Justice

Date Submitted:     October 14, 2025
Date Decided:       October 29, 2025

Do Not Publish

3